U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUL 03 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA

versus                          CRIMINAL NO. 02-50067-01
                                       JUDGE TOM STAGG

ANTHONY MORRIS JOHNSON

---

## MEMORANDUM RULING

Before the court is Anthony Morris Johnson's ("Johnson") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See Record Document 271. Based on the following, Johnson's motion is **DENIED.**

## I. BACKGROUND

### A. Factual Background.

On August 27, 2002, a Federal Express ("FedEx") employee found a package that bore no legible address or telephone number and no tracking information. The employee opened the package in an attempt to find identifying information and found a white crystalized substance inside. The employee gave the package to his manager who contacted police. It was later determined that the white substance was methamphetamine.

Lauren Wommack ("Wommack") was arrested when she attempted to retrieve the package. She informed law enforcement officers that Johnson had instructed her to deliver the drugs to others. The police directed Wommack to make plans to meet Johnson at a hotel. The meeting was arranged, and when Johnson arrived he was arrested.

**B.    Procedural History.**

Johnson was indicted on one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See Record Document 33. Johnson filed a motion to suppress the drugs seized from the FedEx package, and the motion was denied. Johnson pleaded guilty to the charges and was sentenced to 120 months imprisonment and a five year term of supervised release. He appealed to the Fifth Circuit Court of Appeals challenging the district court's denial of the motion to suppress. The Fifth Circuit affirmed his conviction.

## II. LAW AND ANALYSIS

In this motion, Johnson claims that his guilty plea was unlawfully obtained and that he was denied effective assistance of counsel. He also claims that the FedEx package was obtained through an unlawful search and seizure. Johnson's request for

an attorney to represent him in this section 2255 action has been denied. See Record Document 139.

The government argues that Johnson's section 2255 claims cannot be presently considered. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). Johnson "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for [his] procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted).

To establish "cause," Johnson must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, Johnson must demonstrate substantial prejudice, such that the integrity of the entire

proceeding is infected. See Shaid, 937 F.2d at 233. Further, Johnson may not raise any non-constitutional errors in his section 2255 motion unless he establishes that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Shaid, 937 F.2d at 232 (citation omitted).

Johnson has neglected to show cause for his failure to file a direct appeal or actual prejudice resulting from these errors. Moreover, he has not established that the alleged errors would result in a complete miscarriage of justice, as he has failed to prove his actual innocence. See Flores, 981 F.2d at 236 (stating that without a colorable showing of factual innocence, a defendant fails to show a fundamental miscarriage of justice). However, in an abundance of caution, the court will proceed to the merits of his claims.

The government also argues that "not all ineffective assistance of counsel claims are cognizable for the first time on collateral attack absent proof of 'manifest injustice.'" However, ineffective assistance of counsel claims should generally be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, rather than on direct appeal, as the record is not fully developed. See United States v. Cornett, 195 F.3d 776, 781 n.2 (5th Cir. 1999). Therefore, this court will address the merits of Johnson's ineffective assistance of counsel contentions.

### A. Unconstitutional Search And Seizure.

Johnson again raises the argument that the search of the FedEx package was unlawful. He appealed to the Fifth Circuit on the same grounds and the argument was rejected. See Record Document 244. The Fifth Circuit found that by opening the FedEx package, the officers did not learn anything more than what the FedEx employees were already able to testify to: that the package contained a white powder substance. See id. Furthermore, the court found that the field test could only determine if the substance was a particular drug and could not identify what the substance was if not that drug, and that such field tests were therefore not searches within the meaning of the Fourth Amendment. See id. The Fifth Circuit ruled that the search did not violate Johnson's Fourth Amendment rights, and affirmed Johnson's conviction. See id.

Claims that have been raised and considered on direct appeal cannot be considered in a section 2255 motion and may be dismissed without reconsideration of the merits. See United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) ("reconsidering an issue raised on direct appeal is beyond the narrow scope of § 2255 review"). The Fifth Circuit has already ruled that Johnson's argument has no merit. Accordingly, Johnson's unlawful search and seizure claim is **DENIED**.

### B.      Unlawfully Induced Guilty Plea.

Johnson alleges that he was unlawfully induced into entering a guilty plea because he was placed under duress by the conditions and treatment at the Bossier Parish jail and penal farm, and at Caddo Correctional Center ("CCC"). He claims that officers at CCC made statements "that there [sic] facility is designed to force inmates to plead to outstanding charges." Record Document 271.

Johnson pled guilty to count one of his indictment on May 30, 2003. See Record Document 149. During Johnson's guilty plea proceeding, the court informed him of the consequences of the plea and ensured that the plea was voluntary by questioning Johnson pursuant to Rule 11 of the Federal Rules of Criminal Procedure and Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969). Johnson's plea agreement stated, in pertinent part:

> This is the entire plea agreement between the United States Attorney's Office and the Defendant and is entered freely, knowingly, and voluntarily with no threats or coercion, after due consultation with counsel.

Record Document 149. In addition, Johnson's "Understanding Of Maximum Penalty And Constitutional Rights" stated, in pertinent part:

> I further declare that I understand these rights, I now waive and give up these rights an [sic] enter a plea of guilty.

. . . .

6

> Aside from the language in the plea agreement, I further declare that my plea in this matter is free and voluntary and that it has been made without any <u>threats or inducements whatsoever from anyone associated with the State</u> or United States Government or my attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged.

Record Document 150 (emphasis added). Johnson signed these documents, and documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." <u>United States v. Abreo</u>, 30 F.3d 29, 32 (5th Cir. 1994); <u>Hobbs v. Blackburn</u>, 752 F.2d 1079, 1081 (5th Cir. 1985). As previously mentioned, the court advised Johnson about the effects of his guilty plea, and required Johnson to answer specific questions to ensure that his guilty plea was voluntary and that he understood its effects. <u>See</u> Guilty Plea Transcript at 6-11. At that time, Johnson had the perfect opportunity to inform the court if he felt that he had been placed under duress while at the jail.

Johnson has not presented any evidence to refute the documents he signed. Therefore, Johnson's claims asserting an unlawfully induced or involuntary guilty plea are without merit and are **DENIED**.

C. **Unlawfully Accepted Guilty Plea.**

Johnson also alleges that his guilty plea should not have been accepted without a competency hearing. He claims that the medical departments at both the Bossier

and Caddo jails recommended that he complete a psychiatric evaluation, but that the U.S. Marshals denied him evaluation and treatment. He states that he has since been diagnosed with "post traumatic stress disorder" ("PTSD"), "ADD,"[1] and "Bi-Polar" disorder. Record Document 271.

The Fifth Circuit uses the test established in Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 789 (1960), to determine if a defendant was competent to plead guilty at the time he entered the plea. See Bolius v. Wainwright, 597 F.2d 986, 988 n. 3 (5th Cir. 1979) (citing Malinauskas v. United States, 505 F.2d 649, 650 (5th Cir. 1974)). The Dusky test asks "whether [the defendant] ha[d] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he ha[d] a rational as well as factual understanding of the proceedings against him." In Bolius, the court held that "[t]he mere presence of mental illness or other mental disability at the time [defendant] entered his [guilty] plea does not necessarily mean that he was incompetent to plead under the Dusky test." Bolius, 597 F.2d at 990. "The mental illness or disability must have been so debilitating that [the defendant] was unable to consult with his lawyer and did not have a rational and factual understanding of the proceedings." Id. The court also stated that it is within

---

[1]This court presumes that Johnson is referring to Attention Deficit Disorder.

the discretion of the trial court in each case to determine whether there is sufficient evidence to make a retrospective determination of competence, subject to appellate review. See id.

Even if Johnson was diagnosed with PTSD, Attention Deficit Disorder, and Bipolar disorder, and was suffering from these diseases at the time he pleaded guilty, this does not show that he was incompetent to plead guilty under the Fifth Circuit's Dusky test. In order to decide that Johnson was not competent to plead guilty, the court would have to find that he was so mentally ill that he could not consult with his lawyer and "did not have a rational and factual understanding of the proceedings." Bolius, 597 F.2d at 990.

When asked during the guilty plea if he was clear-headed, Johnson answered in the affirmative. See Guilty Plea Transcript at 6. The court then asked Johnson several questions that he lucidly answered. See id. at 9-11. For instance, the court asked if the plea was a voluntary act on his part, and he answered, "Yes, sir, it is, absolutely." Id. at 9. When the court asked him if he entered into the plea agreement "freely, knowingly, and voluntarily," Johnson answered "I did." Id. at 11. Then the court asked why he was pleading guilty, to which he responded, "I'm pleading because I am guilty, your Honor." Id. When shown a sentencing chart and asked

9

what the numbers on the left side were, the defendant correctly replied "those are the offense levels." Id. at 12. Then he correctly told the court that the numbers on the right were the "criminal history category." Id.

Johnson's responses to this series of questions suggest that Johnson did have a rational and factual understanding of the proceedings, and any mental disease from which he may have suffered was not so debilitating that it affected such understanding. There is no indication in any of his responses that he in any way did not completely understand the proceedings. Furthermore, if he had been recommended for psychiatric evaluation and such request had been denied, as he alleges, it is unlikely that he would conceal this fact from the court when the court was questioning him extensively to ascertain whether his guilty plea was given knowingly and voluntarily. If he was concerned that he needed an evaluation, as he now asserts, he had every opportunity to inform the court of his concern. Additionally, he has presented no documentation for his assertion that he was later diagnosed with mental disorders and has not explained to this court how these disorders rendered him unable to have a rational and factual understanding of the proceedings.

This court finds no support for Johnson's contention that he was incompetent to plead guilty, and this claim is therefore **DENIED.**

D.   **Ineffective Assistance Of Counsel.**

Johnson next claims that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Johnson must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. To satisfy the prejudicial prong of the Strickland test in the context of a non-capital sentencing proceeding,

11

Johnson must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). If Johnson fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

Johnson states that his attorney failed to present to the court any mitigating factors or circumstances that would have allowed the court to sentence below the statutory mandatory minimum. The factors that Johnson claims were mitigating but were not presented to the court include: his cooperation with authorities, circumstances affecting his mental state at the time of crime, and his "rehabilitation efforts" while at correctional facilities, including correspondence courses and rehabilitation classes. Under the Federal Sentencing Guidelines, Johnson's sentencing range was from 235 to 293 months. However, because of his substantial assistance, the government filed a United States Sentencing Guidelines Section 5K1.1 motion to depart from the guidelines, and he was sentenced to the statutory mandatory minimum of 120 months. Under 18 U.S.C. § 3553(e), the court did not have the authority to sentence Johnson below this statutory mandatory minimum absent a motion by the government. Therefore, regardless of any argument by Johnson's attorney, Johnson's

12

sentence would not have been any less harsh, and the second prong of the Strickland analysis is therefore not met.

Contrary to Johnson's contention, the court was aware of Johnson's substantial assistance. Also, even if the court were presented with the other factors that Johnson asserts would be "mitigating," it would not have affected Johnson's sentence. Accordingly, Johnson's ineffective assistance of counsel claims are **DENIED.**

### III. CONCLUSION

For the above cited reasons, Johnson's section 2255 motion is **DENIED.**

Anthony Johnson was well represented by a very competent attorney and received a sentence totally less than half the maximum to which he was exposed and which he deserved. He should cease complaining and serve his sentence.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 3rd day of July, 2007.

JUDGE TOM STAGG